# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JEFFERY L. MCLEMORE,**

      **Plaintiff,**

      **v.**

**SALINE COUNTY SHERIFF'S OFFICE, et al.,**

      **Defendants.**

**Case No. 15-3202-JAR-DJW**

## MEMORANDUM & ORDER

The matter before the Court are Plaintiff's Motions to Appoint Counsel (Docs. 44 and 64).  This is Plaintiff's second motion to appoint counsel (*See* Doc. 4).  Having considered the motion, the Court finds it should be denied.  There is no constitutional right to appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995).  The decision whether to appoint counsel in a civil matter lies in the discretion of the district court.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."  *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."  *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.  Considering the above factors, the Court declines to appoint counsel.  The sole remaining issue in this case—whether

Defendants acted with deliberate indifference in failing to protect Plaintiff from harm—is not complex.  Plaintiff claims he is incapable of litigating this case because (1) he is in administrative segregation and therefore has limited access to the law library, and (2) he was not tapered off his medication properly which allegedly creates issues with understanding, comprehension, and motivation.  But Plaintiff has not shown his limited access to the law library has prejudiced his ability to litigate this case.  Indeed, he has timely filed responses and other pleadings.  As for issues with his medication, Plaintiff appears capable of adequately presenting facts and arguments.  Accordingly, the Court denies Plaintiff's motion for appointed counsel.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motions to Appoint Counsel (Docs. 44 and 64) are denied.

**IT IS FURTHER ORDERED** that Defendant's Motion for Protective Order and to Stay Discovery (Doc. 53) is denied as moot in light of the Court's previous Memorandum and Order (Doc. 56).

**IT IS SO ORDERED.**

Dated August 24, 2016, at Kansas City, Kansas.

<u>s/ David J. Waxse</u>
David J. Waxse
U.S. Magistrate Judge