IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JEFFREY L. MCLEMORE,**

    **Plaintiff,**

    **v.**

**SALINE COUNTY SHERIFF'S OFFICE, et al.,**

    **Defendants.**

Case No. 15-3202-JAR-DJW

## MEMORANDUM AND ORDER

Plaintiff Jeffery L. McLemore filed this suit against various prison officials for claims relating to a fight he had with a fellow inmate. On June 28, 2016, the Court entered a Memorandum and Order[1] denying two motions filed by Plaintiff for leave amend his complaint,[2] finding them to be futile because they would not have withstood a motion to dismiss for failure to state a claim upon which relief may be granted. The Court further dismissed all claims against all Defendants except a single claim under 42 U.S.C. § 1983 for failure to protect in violation of Plaintiff's Eighth Amendment rights, against Defendants Amber Black, Brenda Darr, and Gary Fay. The Court found that the other claims were otherwise inappropriate attempts to join claims and defendants that were not related to the originally pled facts in the complaint. Before the Court are Plaintiff's (1) Motion to Alter or Amend (Doc. 58); and (2) Motion Requesting the Court to Delay its Ruling Pending Further Discovery (Doc. 61). The motions are fully briefed and the Court is prepared to rule. As described more fully below, these motions are denied.

---

[1]Doc. 56.
[2]Doc. 1.

**I.      Motion to Alter or Amend**

A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[3]  Plaintiff does not meet this exacting standard.  Instead, he discusses why his supervisory liability, denial of medical treatment, violation of due process, and denial of access to the courts claims would survive dismissal on the merits.  Because Plaintiff proceeds *pro se*, the Court is mindful that it must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[4]  However, the court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[5] Additionally, a *pro se* litigant is not excused from complying with the rules of the court and is subject to the consequences of noncompliance.[6]

Plaintiff attempted to introduce three new causes of action into this case after the original complaint was filed and screened under 28 U.S.C. § 1915A: (1) denial of access to the courts; (2) a violation of due process with respect to his administrative segregation classification; and (3) denial of medical treatment.  The Court denied Plaintiff's motion to add these claims to the Complaint as futile, and Plaintiff fails to meet his burden of demonstrating that the Court's decision amounted to clear error or manifest injustice.

---

[3]*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[4]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[5]*Id.*

[6]*Ogden v. San Juan Cnty*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that *pro se* litigants follow procedural rules and citing various cases dismissing *pro se* cases for failure to comply with the rules)).

Plaintiff argues he was denied access to the courts because the public defender provided to him refused to assist him with this case. The denial of access to the courts claim is asserted against proposed Defendant Melander, who had already been dismissed based on Plaintiff's failure to properly allege his supervisory status on the original claims asserted in the complaint. Plaintiff had not alleged an access to the courts claim in that pleading. The Court explained in its Order that Plaintiff's attempts to add claims that are not connected to the facts alleged in his original filing violated Fed. R. Civ. P. 20(a)(2) and 18(a), and must be dismissed on that basis. Moreover, Plaintiff confuses the jail's obligations in his criminal case with its obligations in this civil prison conditions case. As Judges Crow and Waxse have both explained in orders denying Plaintiff's motion to appoint counsel, there is no constitutional right to appointment of counsel in a civil case, much less by his previously appointed public defender.[7] The Court further finds no clear error in its previous conclusion that Plaintiff's filings in this case evidence that he has been provided with access to legal authority and submission of filings.

Plaintiff argues that he was denied due process when the jail placed him in administrative segregation; he complains that he received no notice of any kind explaining that decision. But Plaintiff does not address the Court's reason for finding this claim futile—it is alleged against a previously-dismissed defendant.

Finally, as to the denial of medical treatment claim, Plaintiff argues that he did not allege that he was denied medical treatment of his choice for his broken nose, but that he was wholly denied any medical treatment. But again, the Court found he allegations in the original complaint conflicted with his allegations many months later that he was denied medical care. Moreover, the Court acknowledged that Plaintiff alleged he had an exchange with a nurse about

---

[7]*See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995).

his broken nose after it occurred, and that he alleged she did not treat it because he had attempted to set the broken nose himself. As the Court explained, this allegation was insufficient to state a plausible claim for relief under the Eighth Amendment.

Finally, Plaintiff argues that he has asserted supervisory liability claims that should not have been dismissed. But this motion to alter or amend is not an appropriate vehicle by which to challenge that decision. Plaintiff's supervisory liability claims were dismissed by Judge Crow on March 22, 2016, after Plaintiff declined the opportunity to cure his pleading defects on that claim. This Court's June 28, 2016 Order, found that Plaintiff's later attempts to file amended complaints inappropriately alleged claims against these dismissed defendants. Plaintiff has failed to show clear error or manifest injustice in these rulings.

In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its June 28 Memorandum and Order, and that ruling stands.

## II.  Motion to Delay Ruling

Plaintiff also asks this Court to delay ruling as to Defendant's Answer, which was filed on July 12, 2016, in accordance with the deadline set by the Court in its June 28 Memorandum and Order. An Answer is merely a responsive pleading where a party admits or denies the allegations set forth in an initial pleading.[8] It is generally due twenty-one days after service of the summons and complaint, unless the deadline is otherwise set by the Court or unless the responding party has filed a motion under Fed. R. Civ. P. 12(b).[9] Here, the Court set Defendants' deadline to file an Answer fourteen days after its June 28, 2016 Order. There is currently no pending matter before the Court that requires a ruling other than Plaintiff's motions that the Court rules on at this time. Plaintiff points to Rule 56(f), but that rule only applies after a

---

[8] *See* Fed. R. Civ. P. 8(b).

[9] *See* Fed. R. Civ. P. 12(a)(1)(A)(i), (4).

4

motion for summary judgment is filed by a party; no such motion has been filed in this matter. Thus, the Court denies Plaintiff's motion as moot because there is no pending matter to delay in order for discovery to proceed. This case shall proceed on the single claim that remains after the Court's June 28 Order, for failure to protect in violation of Plaintiff's Eighth Amendment rights, against Defendants Black, Darr, and Fay.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Alter or Amend (Doc. 57) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion Requesting the Court to Delay its Ruling Pending Further Discovery (Doc. 61) is **moot**.

**IT IS SO ORDERED.**

Dated: September 8, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE