IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JEFFREY L. MCLEMORE,**

 **Plaintiff,**

 **v.**

**SALINE COUNTY SHERIFF'S OFFICE, et al.,**

 **Defendants.**

Case No. 15-3202-JAR-DJW

## MEMORANDUM AND ORDER

Plaintiff Jeffery L. McLemore filed this suit against various prison officials for claims relating to a fight he had with a fellow inmate. On June 28, 2016, the Court entered a Memorandum and Order[1] denying two motions filed by Plaintiff seeking leave amend his complaint,[2] finding them to be futile because they would not have withstood a motion to dismiss for failure to state a claim upon which relief may be granted. The Court further dismissed all claims against all Defendants except a single claim under 42 U.S.C. § 1983 for failure to protect in violation of Plaintiff's Eighth Amendment rights, against Defendants Amber Black, Brenda Darr, and Gary Fay, who are correctional officers at the Saline County Jail. The Court found that the other claims were otherwise inappropriate attempts to join claims and defendants that were not related to the originally pled facts in the Complaint, or would not withstand a motion to dismiss. On September 8, 2016, this Court denied Plaintiff's motion to alter or amend that decision. Now before the Court are three motions: (1) Plaintiff's Motion for Reconsideration to Allow Former Dismissed Claim to Proceed in Light of New Evidence; (2) Defendants Amber

---

[1] Doc. 56.
[2] Doc. 1.

Black, Brenda Darr, and Gary Fay's Motion for Judgment on the Pleadings (Doc. 78); and Plaintiff's Motion for leave to File Amended Response to Defendant's Motion for Judgment on the Pleadings (Doc. 92).  The motions are fully briefed and the Court is prepared to rule.  As described more fully below, Plaintiff's motion for reconsideration is denied.  Plaintiff's motion for leave to amend his response to the motion for judgment on the pleadings is moot because the Court converts Defendants' motion for judgment on the pleadings to a motion for summary judgment and orders further submissions.

I.       **Motion to Reconsider**

In his motion for reconsideration, Plaintiff asks this Court to reinstate his denial of medical treatment claim against Beth Komarek based on new evidence that he attaches to his motion.  In fact, in the June 28, 2016 Order, the Court denied Plaintiff's request to amend his complaint and add a denial of medical treatment claim against this Defendant.  The Court found that such an amendment would be futile because it could not withstand a motion to dismiss.  Therefore, there can be no request to reinstate this claim because the Court never granted Plaintiff leave to amend.

Even assuming the order is dispositive, under D. Kan. Rule 7.3(a), a party seeking reconsideration of a dispositive order must file a motion under either Fed. R. Civ. P. 59(e), or 60.  This motion was filed more than 28 days of the Order dismissing his claims, so the Court will construe it as a motion for relief from judgment under Rule 60.  Because Plaintiff proceeds *pro se*, the Court is mindful that it must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[3]  The Court therefore liberally construes Plaintiff's motion as a motion under Fed. R. Civ. P. 60(b), which must be brought "within a

---

[3]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

2

reasonable time."[4]  Rule 60(b) provides that the Court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.[5]

Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[6]

The Court has already denied Plaintiff's motion to alter or amend the decision denying his motion to add a lack of medical treatment claim against Komerek.  Plaintiff's basis for reconsideration this time is that he has discovered new evidence; but this is not an appropriate basis to challenge the dismissal of his claims based on futility of amendment, which evaluates whether, assuming the truth of the facts pled, Plaintiff stated a claim upon which relief may be granted.  The Court found that Plaintiff's claim could not survive dismissal under this standard of review.  For the reasons already explained in the Court's Order denying leave to add the medical treatment claim, Plaintiff's allegations, assumed to be true, that Nurse Komarek denied him medical treatment for a broken nose, were insufficient to state a plausible claim for relief under the Eighth Amendment.

---

[4] Fed. R. Civ. P. 60(c)(1).

[5] Fed. R. Civ. P. 60(b).

[6] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

Moreover, the documents submitted with his motion for reconsideration do not change the Court's determination that he fails to state a plausible claim. Plaintiff submitted: (1) a medical record reflecting a conversation he had with Komarek one month after the fight, (2) a medical record indicating that McLemore "was not hurt and didn't need medical attention," (3) two refusal of treatment forms from September 2014 and August 2015, and (4) a Release from Suicide Precautions form from August 2015.[7] These records do not indicate that Plaintiff was denied medical attention on May 29, 2015, so they cannot suffice to support a claim this Court has already deemed insufficient. As this Court has previously explained, a plaintiff's disagreement with the treatment or recommendation provided by a medical professional, is insufficient to state a claim for relief.[8] These documents do not change the Court's earlier conclusion that his allegations do not suffice to state a plausible claim for an Eighth Amendment violation. The motion for reconsideration is thus denied.

## II.     Motion for Judgment on the Pleadings

### A.     Legal Standards

The remaining Defendants move for judgment on the pleadings on the sole claim remaining in this case for failure to protect in violation of the Eighth Amendment. The standard for a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is the same as that applied to a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[9] The court must accept all facts pleaded by the non-moving party as true and grants all reasonable inferences

---

[7] Doc. 75-1.

[8] *See Estelle v. Gamble*, 429 U.S. 97, 106–07 (1976); *Handy v. Price*, 996 F.2d 1064, 1067 (10th Cir. 1993) (affirming that a quarrel between a prison inmate and the doctor as to the appropriate treatment for hepatitis did not successfully raise an Eighth Amendment claim); *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992) (finding plaintiff's contention that he was denied treatment by a specialist is insufficient to establish a constitutional violation); *El'Amin v. Pearce*, 750 F.2d 829, 833 (10th Cir. 1984) (explaining that a mere difference of opinion over the adequacy of medical treatment received cannot provide the basis for an Eighth Amendment claim).

[9] *Colony Ins. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012).

from the pleadings in favor of the non-moving party.[10] A motion for judgment on the pleadings should not be granted unless the movant has clearly established that there are no material facts to be resolved and that the movant is entitled to judgment as a matter of law.[11] The court does not accept as true legal conclusions that are couched as factual allegations,[12] but rather determines whether the factual allegations "plausibly give rise to an entitlement to relief."[13] To avoid dismissal, a plaintiff must state a plausible claim, which requires "sufficient factual allegations to 'raise a right to relief above the speculative level.'"[14] If the Court on a Rule 12(b)(6) motion looks to matters that were not attached to the complaint or incorporated into the complaint by reference, it generally must convert the motion to a Rule 56 motion for summary judgment.[15] However, the court may consider documents which are referred to in the complaint if they are central to the plaintiff's claim and the parties do not dispute their authenticity.[16]

Plaintiff's only remaining claim in this case is that Defendants Black, Darr, and Fay failed to protect Plaintiff from the assault that he alleges occurred on May 29, 2015, in violation of the Eighth Amendment. Defendants raise the defense of qualified immunity to the individual-capacity claim alleged against them. Qualified immunity gives government officials breathing

---

[10]*Id.*

[11]*Id*

[12]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[13]*Id.* at 679.

[14]*Id.*

[15]Fed. R. Civ. P. 12(d); *GFF Corp. v. Associated Wholesale Grocers,* 130 F.3d 1381, 1384–85 (10th Cir. 1997). The Court therefore may not consider the documents attached to Defendants' motion unless they were referenced in Plaintiff's Complaint. Defendants have made no showing that these documents were incorporated into or referred to in the Complaint. Documents attached to the *Martinez* report may not be considered on a motion to dismiss either without converting to a motion for summary judgment. *See, e.g.*, *Ketchum v. Cruz*, 961 F.2d 916, 919 (10th Cir. 1992).

[16]*See Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007); *Jacobsen v. Desert Book Co.*, 287 F.3d 936, 941–42 (10th Cir. 2002); *GFF Corp.*, 130 F.3d at 1384–85.

room to make reasonable but mistaken judgments about open legal questions.[17] To this end, qualified immunity shields government officials from liability unless the plaintiff shows (1) the defendant's violation of a constitutional right; and (2) that the right the official violated was "clearly established" at the time of the challenged conduct.[18] "For a constitutional right to be clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."[19] A plaintiff may satisfy the "clearly established" requirement "by identifying an on-point Supreme Court or published Tenth Circuit decision; alternatively, 'the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains.'"[20] It is within the Court's discretion which of the two prongs of the analysis to address first.[21]

**B.     Discussion**

The Supreme Court has made clear that prison and jail officials have a duty to ensure the safety and protection of inmates:

> [P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners. . . . Having incarcerated persons [with] demonstrated proclivit[ies] for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course. Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective any more than it squares with evolving standards of decency.[22]

---

[17]*Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011).

[18]*Id.* at 735.

[19]*Panagoulakos v. Yazzie*, 741 F.3d 1126, 1129 (10th Cir. 2013) (quoting *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013)).

[20]*Cox v. Glanz*, 800 F.3d 1231, 1247 (10th Cir. 2015) (quoting *Quinn v. Young*, 780 F.3d 998, 1005 (10th Cir. 2015)).

[21]*al-Kidd*, 536 U.S. at 735 (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

[22]*Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994) (internal quotation marks and citations omitted); *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984).

6

However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety."[23]  A prison official may be held to have violated the Eighth Amendment only when two components are satisfied: an objective component requiring the inmate show he was "incarcerated under conditions posing a substantial risk of serious harm;" and a subjective component requiring that defendants acted with the culpable state of mind referred to as "deliberate indifference."[24]  Deliberate indifference exists when an official "knows of and disregards an excessive risk to inmate health or safety."[25]  Deliberate indifference requires "a higher degree of fault than negligence."[26]  A prison official's "failure to alleviate a significant risk that he should have perceived but did not" does not amount to the infliction of cruel and unusual punishment.[27]  It follows that plaintiff must allege facts indicating that defendants actually knew of but disregarded a serious risk to him, rather than that they should have been aware of possible danger.[28]  The mere fact that an assault occurred does not establish the requisite deliberate indifference to plaintiff's constitutional rights.[29]

Plaintiff alleges in the Complaint that he was assaulted by another inmate when he was returning to his cell after taking medication.  Plaintiff alleges that upon returning to his cell, he realized that the door had locked behind him.  At that time, Officer Fay opened inmate David Summers' cell door.  Summers was "a known enemy" of Plaintiff's.  Summers attacked Plaintiff

---

[23] *Farmer*, 511 U.S. at 834.

[24] *Id.*; *Wilson v. Seiter*, 501 U.S. 294, 299 (1991).

[25] *Farmer*, 511 U.S. at 837 ("[T]the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."); *Gonzales v. Martinez*, 403 F.3d 1179, 1186 (10th Cir. 2005).

[26] *Hovater v. Robinson*, 1 F.3d 1063, 1066 (10th Cir. 1993) (citations omitted); *Farmer*, 511 U.S. at 835.

[27] *Farmer*, 511 U.S. at 835.

[28] *Id.*

[29] *Hovater*, 1 F.3d at 1068.

with closed fists and attempted to throw him over the railing of the top cell tier. Summers then threw Plaintiff to the ground and punched him in the face repeatedly. Plaintiff returned to his cell. He noticed that his nose was bleeding and crooked, so he set the bone and began to clean up the blood. He also had black eyes, bumps on his head, and a contusion above his ear.

Plaintiff further alleges that Officer Black had witnessed a prior physical altercation between he and Summers in April 2015. Officer Fay initially attempted to move Plaintiff to the "2400 maximum pod" on May 29, but he informed Black that Summers' brother was in that pod and that there would be problems if they moved him in there; he was trying to stay out of trouble to get a job back. Black informed Corporal Darr about the conflict and then Black moved Plaintiff to the disciplinary segregation unit instead, where he was placed in a cell next door to Summers. Black heard Summers yelling and threatening Plaintiff and told him to stop.

Defendants argue in their motion that Plaintiff did not suffer any injuries, pointing to the failure to report his injuries to Fay; that he refused medical treatment; and that he told the deputies that he was not hurt and did not need medical attention. Defendants also argue that they placed Plaintiff in segregation in response to his fear of being placed in a pod with Summers' brother. Defendants argue that Plaintiff manipulated the situation in order to cause the fight. Finally, Defendants argue that the subjective component of the test is not met because Plaintiff has not alleged that they were aware of a substantial risk of serious harm in the segregation unit, nor that they actually drew that inference.

The Court cannot grant Defendants' motion because it rests almost entirely on matters outside the pleadings. Defendants submit various internal reports to demonstrate that Plaintiff was not injured, and to suggest that Plaintiff manipulated the security situation on the day of the assault. But the Court cannot consider these documents on a motion to dismiss. Moreover,

8

Plaintiff has alleged that all three defendants were aware of Plaintiff's recent history with Summers, took that risk seriously enough to move him from the maximum security pod to a segregation unit, yet failed to ensure that he had returned to a locked cell before allowing Summers to exit the cell immediately next door.

Given Defendants' reliance on matters outside the pleadings, and the fact that the *Martinez* report is complete, the Court converts this to a motion for summary judgment under Fed. R. Civ. P. 56. The parties shall each be given one more opportunity to present all material pertinent to this motion. Plaintiff may file a response, submitting any evidentiary support, by February 16, 2017. Defendants' reply to the response is due by March 9, 2017. In the reply, Defendants shall address Plaintiff's assertion in the response that he maintains an official capacity claim against the remaining Defendants.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Reconsideration to Allow Former Dismissed Claim to Proceed in Light of New Evidence (Doc. 75) is **denied**;

**IT IS FURTHER ORDERED** that Defendants' Motion for Judgment on the Pleadings (Doc. 78) is hereby **converted to a motion for summary judgment**. **Plaintiff shall file a reply, attaching any evidentiary support, by March 9, 2017, and Defendants may file a reply by March 9, 2017. The Clerk shall mail a copy of the "Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment" to Plaintiff pursuant to D. Kan. Rule 56.1(f), with a copy of this Order**; and

**IT IS FURTHER ORDERED** that Plaintiff's Motion for leave to File Amended Response to Defendants' Motion for Judgment on the Pleadings (Doc. 92) is **moot**.

**IT IS SO ORDERED.**

Dated: January 26, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE